# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA TOBIN, et al., : | |
|     Plaintiffs, : | |
| : | **CIVIL ACTION** |
| v. : | **No. 14-6247** |
| : | |
| ETHICON WOMEN'S HEALTH AND : | |
| UROLOGY, et al., : | |
|     Defendants. : | |

**McHUGH, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 11, 2020**

## MEMORANDUM

    This is a products liability case involving the alleged failure of mesh surgically implanted in Plaintiff Teresa Tobin to treat pelvic organ prolapse. First filed in the Philadelphia Court of Common Pleas, the case was removed to federal court and made part of a Multidistrict Litigation ("MDL") in the Southern District of West Virginia. The case was then remanded to this Court for further proceedings. Plaintiffs now seek to (i) conduct a "forensic" medical examination of Tobin, (ii) designate an additional expert to opine on Tobin's current condition; and (iii) generally supplement their expert reports.[1] Defendants oppose the medical exam, substitution of expert, and supplementation of general causation expert reports. Defendants do not oppose Plaintiffs' desire to supplement the report of their case-specific experts so long as the same experts designated during discovery in the MDL author the supplemental reports and the reports relate only to new facts and information made available to Plaintiffs after discovery closed in the MDL. For the reasons that follow, I will grant Defendants' motion in part and deny it in part.

---

[1] The Court has been advised that plaintiff has in fact been examined by a newly identified physician.

Defendants cite *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439-43 (3d Cir. 2009), to support the assertion that, under the law of the case doctrine, the Pretrial Orders (PTOs) issued during the MDL govern proceedings in this Court and render Plaintiffs' requests untimely. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) (internal quotation marks omitted). But the doctrine does not apply to interlocutory orders, which "remain open to trial court reconsideration, and do not constitute the law of the case." *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (internal quotation marks and citations omitted). And discovery orders are interlocutory in nature. *Adapt of Philadelphia v. Philadelphia Hous. Auth.*, 433 F.3d 353, 364 (3d Cir. 2006). Consequently, the PTOs issued in the MDL are not the law of the case and therefore do not preclude me from managing the discovery process here.

Nevertheless, I recognize that a central purpose of an MDL is to streamline the litigation in a large number of pending cases to make them ready for trial. I am mindful that the parties have already participated in the robust discovery process set forth in the PTOs, and, in that spirit, the judge assigned to manage the MDL urged any "receiving court to immediately set these cases for trial without reopening discovery." Ex. G. to Def. Mot., at 1, ECF 19. Thus, I am willing to consider case specific supplemental discovery, but only if warranted.

Because the parties were previously limited to five experts per side under the PTOs, I will treat Plaintiffs' request as one to substitute an already-designated expert for a new one. Courts in this district determine whether to grant such a request by assessing whether good cause exists to allow substitution, and then, if good cause exists, proceeding to examine whether the substitution

will prejudice the nonmoving party. *See, e.g.*, *Synygy, Inc. v. ZS Assocs., Inc.*, 2015 WL 4578807, at *2 (E.D. Pa. July 30, 2015). The good cause inquiry focuses on the diligence of the party seeking substitution, and where the requesting party fails to exercise diligence, a court need not examine prejudice to the nonmovant. *Id*. Here, Plaintiffs assert in summary terms that a new expert is necessary to opine on Tobin's current medical condition but offer nothing more. For all practical purposes, Plaintiffs simply sidestep the good cause inquiry and proceed directly to an analysis of whether the designation of a new expert will prejudice Defendants. Having failed to articulate a reason for their request that satisfies the applicable standard, I reject Plaintiffs' request to substitute an expert at this time.

Nonetheless, recognizing that it is valid for counsel to seek an updated picture of Tobin's medical condition, I will grant their request to conduct a further medical examination. But any such examination must be conducted by Dr. Fareesa G. Khan, M.D.—Tobin's obstetrician and gynecologist—who is already designated as an expert and has opined on Tobin's condition. Plaintiffs may then use Tobin's latest medical records and the results of Dr. Khan's examination to supplement the reports of the case-specific experts they have already designated. Defendants will be given an opportunity to rebut Dr. Khan's findings using their own experts. To the extent Plaintiffs have already engaged a different expert who has conducted an examination of Tobin, they have done so at their own peril and expense and are precluded from using that expert now.

Plaintiffs' requests are otherwise denied.

An appropriate order will follow.

                                                      /s/ Gerald Austin McHugh
                                                      United States District Judge